IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT GENE GARCIA,

                    Plaintiff,

                                                    CIVIL ACTION
      vs.                                              No. 05-3472-SAC

LOUIS BRUCE, et al.,

                    Defendants.

### ORDER

    Plaintiff proceeds pro se on a complaint filed under 42 U.S.C. § 1983. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

    In his complaint, plaintiff complains medical malpractice in the diagnosis and treatment of his August 2005 injury resulted in a deformed hand which can no longer be used as an artist. On these allegations plaintiff seeks his release from confinement. Plaintiff also contends his confinement under a name other than his birth name[1] constitutes defamation and misrepresentation, for which he seeks damages.

    Because plaintiff is a prisoner, the court is required to screen his complaint and to dismiss the complaint or any portion

---

[1] Plaintiff identifies his birth name as Robert Ugene Garcia. The Kansas Department of Corrections lists plaintiff's name as "Robert G" and "Robert Gene" Garcia.

thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). Also, full exhaustion of administrative remedies is required on all claims advanced in the complaint. *See* 42 U.S.C. § 1997e(a)("No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.").

In the present case, plaintiff's exhaustion of administrative remedies on his two claims appears incomplete at best. No administrative appeal to the Kansas Secretary of Corrections is cited or documented regarding plaintiff's medical claim, and plaintiff identifies only resort outside the administrative grievance procedure as his attempt to remedy the name being used by the Kansas Department of Corrections for his confinement. Accordingly, dismissal of this action is warranted because plaintiff has not satisfied the statutory exhaustion requirement imposed by § 1997e(a). *See* <u>Fitzgerald v. Corrections Corp. of America</u>, 403 F.3d 1134, 1140-41 (10th Cir. 2005)("42 U.S.C. § 1997e(a) requires exhaustion of administrative remedies as a precondition to bringing litigation, and requires dismissal where a litigant has failed to complete such exhaustion").

However, if the court finds a litigant's allegations concerning the conditions of his confinement fails to state a claim upon which relief can be granted, the court is to dismiss the complaint notwithstanding the litigant's failure to fully exhaust available administrative remedies. *See* 42 U.S.C. § 1997e(c)(court is to

2

dismiss on its own motion any action brought with respect to prison conditions if satisfied the case fails to state a claim upon which relief can be granted). Having reviewed plaintiff's allegations, the court finds the complaint is subject to being dismissed pursuant to § 1997e(c).

To allege a valid claim under 42 U.S.C. § 1983, the plaintiff must assert the denial of a right, privilege or immunity secured by federal law. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 150 (1970); <u>Hill v. Ibarra</u>, 954 F.2d 1516, 1520 (10th Cir. 1992). Although an inmate's Eighth Amendment's right to not be subjected to cruel and unusual punishment is violated if a prison official "knows of and disregards an excessive risk to inmate health or safety," <u>Garrett v. Stratman</u>, 254 F.3d 946, 949 (10th Cir. 2001)(internal quotation marks omitted), plaintiff's allegations of medical malpractice are clearly insufficient to state such a claim because injury caused by an official's negligence does not violate the United States Constitution. <u>Daniels v. Williams</u>, 474 U.S. 327, 328-31 (1986); <u>Davidson v. Cannon</u>, 474 U.S. 344 (1986). *See* <u>Bryson v. City of Edmond</u>, 905 F.2d 1386, 1390 (10th Cir. 1990)(more than mere negligence required for constitutional deprivation in civil rights action); <u>Ramos v. Lamm</u>, 639 F.2d 559, 575 (10th Cir. 1980)("accidental or inadvertent failure to provide adequate medical care, or negligent diagnosis or treatment of a medical condition do not constitute a medical wrong under the Eighth Amendment"), *cert. denied*, 450 U.S. 1041 (1981).

Also, plaintiff's allegations regarding the spelling of his name in his prison record falls far short of identifying any cognizable or compelling constitutional basis for the damages

plaintiff seeks under § 1983. To the extent plaintiff seeks relief based on allegations of slander and defamation, § 1983 offers no relief on these state tort claims. *See* <u>DeShaney v. Winnebago County DSS</u>, 489 U.S. 189, 201-03 (1989)(§ 1983 does not impose liability for violations of duties of care arising out of state tort law).

Accordingly and for the reasons stated herein, the court directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief. 28 U.S.C. § 1915(e)(2)(B)(ii); 42 U.S.C. § 1997e(c). Plaintiff's motion to compel the personal appearance of himself and other witnesses (Doc. 6) is denied without prejudice.

IT IS THEREFORE ORDERED that plaintiff is granted leave to proceed in forma pauperis.

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion to compel and subpoena witnesses (Doc. 6) is denied.

**IT IS SO ORDERED.**

DATED: This 7th day of July 2006 at Topeka, Kansas.

 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge